| |
|---|
| **Jacoby v Lopez-Balboa** |
| 2024 NY Slip Op 34323(U) |
| December 9, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 161830/2023 |
| Judge: Lyle E. Frank |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:    **HON. LYLE E. FRANK**

*Justice*

PART       **11M**

----------------------------------------------------------------------------X

ROBERT JACOBY,

                  Plaintiff,

- v -

TAYLOR LOPEZ-BALBOA, ALAN E SASH

                Defendant.

----------------------------------------------------------------------------X

| | |
|---|---|
| **INDEX NO.** | 161830/2023 |
| **MOTION DATE** | 07/23/2024 |
| **MOTION SEQ. NO.** | 003 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 003) 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46

were read on this motion to/for       SUMMARY JUDGMENT(AFTER JOINDER    .

Upon the foregoing documents, defendant/counter-plaintiff's motion is granted.

## Background

In September 2023, plaintiff Robert Jacoby II ("Plaintiff") and defendant/counter-plaintiff Taylor Lopez-Balboa ("Defendant") entered into a settlement agreement ("Stipulation") to resolve pending matters in Family Court and Criminal court related to the alleged submission of certain photographs of Lopez-Balboa to the internet. According to the Stipulation, Plaintiff would deposit the sum of $50,000 into an escrow account. The Stipulation stated that the escrow funds would be returned to Plaintiff "if, and only if, within 60 days [. . . ] he successfully (directly or through a third-party vendor) causes the permanent deletion of the Images on any and all online platforms." The Stipulation went on to say that should Plaintiff "fail[] to fully and timely comply with this paragraph, the Injunctive Amount shall be immediately released to [Defendant] at escrowee's sole and absolute discretion."

It is not in dispute that despite the Plaintiff's efforts, not all images of Defendant have been removed from the internet. After the 60 days expired and a search turned up images of

**161830/2023 JACOBY II, ROBERT vs. LOPEZ-BALBOA, TAYLOR ET AL**
**Motion No. 003**

Page 1 of 5

Defendant on various sites, Defendant's counsel informed Plaintiff that he was in breach of the Stipulation and therefore the escrow funds would be accordingly turned over to her. Plaintiff objected, stating that he had done best efforts to remove the images, an argument that Defendant did not accept.

In December of 2023, Plaintiff filed the underlying suit, alleging that Defendant is liable for breach of the Stipulation for failing to accept his best efforts to comply with the terms. He requests that the escrow funds, along with attorneys' fees and costs and disbursements, be turned over to Plaintiff. Defendant opposed and pled two counterclaims, one for breach of the Stipulation and one requesting a declaratory judgment that Defendant is entitled to the escrow funds. Defendant brings the present motion for summary judgment on the counterclaims and to dismiss the amended complaint.

## Standard of Review

Under CPLR § 3212, a party may move for summary judgment and the motion "shall be granted if, upon all the papers and proof submitted, the cause of action or defense shall be established sufficiently to warrant the court as a matter of law in directing judgment in favor of any party." CPLR § 3212(b). Once the movant makes a showing of a prima facie entitlement to judgment as a matter of law, the burden then shifts to the opponent to "produce evidentiary proof in admissible form sufficient to establish the existence of material issues of fact which require a trial of the action." *Stonehill Capital Mgt. LLC v. Bank of the W.*, 28 N.Y.3d 439, 448 (2016). The facts must be viewed in the light most favorable to the non-moving party, but conclusory statements are insufficient to defeat summary judgment. *Id.*

## Discussion

**161830/2023   JACOBY II, ROBERT vs. LOPEZ-BALBOA, TAYLOR ET AL**
**Motion No.  003**

**Page 2 of 5**

Ultimately, for the reasons that follow, there are no triable issues of fact here. Plaintiff argues that the Stipulation language is ambiguous, but the words "if, and only if, within 60 days [. . .] he successfully (directly or through a third-party vendor) causes the permanent deletion of the Images on any and all online platforms." The images in question must have been permanently deleted from all online platforms within 60 days, and there is no dispute that this did not happen. Plaintiff breached the terms of the Stipulation when he failed, either through his own efforts or those of a third-party vendor, to permanently remove the images from the internet.

Plaintiff also argues that the doctrine of impossibility operates here as a defense to this breach, but the doctrine is inapplicable here. The doctrine of impossibility has a narrow application, and it excuses performance "only when the destruction of the subject matter of the subject matter of the contract or the means of performance makes performance objectively impossible. Moreover, *the impossibility must be produced by an unanticipated event that could not have been foreseen or guarded against in the contract*." *Kapur v. Stiefel*, 264 A.D.2d 602, 606 (1st Dept. 1999)(emphasis in original); *see also Matter of Reed Found., Inc. v. Franklin D. Roosevelt Four Freedoms Park, LLC*, 108 A.D.3d 1, 7 (1st Dept. 2013).

Here, the extreme difficulty involved in removing the images permanently from any and all online platforms cannot be said to be an unforeseeable obstacle. The language of the Stipulation explicitly addresses the use of third-party vendors to aid in removing the images. Plaintiff's own third-party vendor states in his affidavit that he informed Plaintiff before his services were engaged that there was no certainty of permanently removing the images from all online platforms. Therefore, a modern understanding of the nature of the Internet aside, a simple consultation with the third-party vendors referred to in the Stipulation would have revealed that permanent deletion cannot be guaranteed. By agreeing to pay Defendant $50,000 should the

**161830/2023   JACOBY II, ROBERT vs. LOPEZ-BALBOA, TAYLOR ET AL**
**Motion No.  003**

**Page 3 of 5**

3 of 5

[* 3]

images in question not be permanently removed from the Internet within 60 days, Plaintiff must now allow the escrow funds to be released to Defendant because the images have not been permanently removed. The language of the Stipulation (which Plaintiff's counsel were actively involved in the drafting of) is clear, and the doctrine of impossibility does not excuse performance under these facts. Accordingly, it is hereby

ADJUDGED that defendant/counter-plaintiff's motion to dismiss the complaint is granted; and it is further

ADJUDGED that defendant/counter-plaintiff's motion for summary judgment on their counterclaims is granted; and it is further

ADJUDGED and DECLARED that defendant/counter-plaintiff is entitled to the $50,000 held in escrow pursuant to the Settlement Agreement between the parties; and it is further

ORDERED that the escrow agent in charge of the JPMorgan Chase Bank, NA turn over the funds in account number 936039630 to defendant/counter-plaintiff Taylor Lopez-Balboa in accordance with the Settlement Agreement between the parties forthwith; and it is further

ORDERED that an assessment of damages against plaintiff for defendant/counter-plaintiff's attorneys' fees, pursuant to the agreement, is directed; and it is further

ORDERED that a copy of this order with notice of entry be served by the movant upon the Clerk of the General Clerk's Office, who is directed, upon the filing of a note of issue and a certificate of readiness and the payment of proper fees, if any, to place this action on the appropriate trial calendar for the assessment hereinabove directed; and it is further

ORDERED that such service upon the Clerk of the General Clerk's Office shall be made in accordance with the procedures set forth in the *Protocol on Courthouse and County Clerk*

**161830/2023   JACOBY II, ROBERT vs. LOPEZ-BALBOA, TAYLOR ET AL**
  **Motion No.  003**

**Page 4 of 5**

[* 4]

4 of 5

*Procedures for Electronically Filed Cases* (accessible at the "E-Filing" page on the court's website).

20241209111759LFRANK419132F5DCEF479387A8B3AABCD3B23A

__12/9/2024__
DATE

__LYLE E. FRANK, J.S.C.__

| CHECK ONE: | X | CASE DISPOSED | | | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|---|
| | X | GRANTED | | DENIED | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | | REFERENCE |

**161830/2023   JACOBY II, ROBERT vs. LOPEZ-BALBOA, TAYLOR ET AL**
**Motion No.  003**

Page 5 of 5

5 of 5